NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| ROBERT H. MARTIN, | : |
| Petitioner | : Civ. No. 23-21017 (RMB) |
| v. | : **OPINION** |
| S. MEREDINO, WARDEN, FCI FAIRTON, | : |
| Respondent | : |

BUMB, Chief United States District Judge:

This matter comes before the Court upon the petition for a writ of habeas corpus filed by Petitioner Robert H. Martin ("Petitioner") pursuant to 28 U.S.C. § 2241 (Dkt. No. 1), and the Government's answer in opposition (Dkt. No. 11), supported by the Declaration of Carrie Masters[1] ("Masters Decl.") and accompanying exhibits (Dkt. No. 11-1). For the reasons set forth below, the petition will be **DENIED**.

## I. BACKGROUND

Petitioner is a federal inmate currently incarcerated at FCI Fairton, serving a 130-month sentence imposed by the United States District Court for the District of New Mexico for violations of 21 U.S.C. § 841(b)(1)(B). (Masters Decl., Ex. 1, Dkt.

---

[1] Carrie Masters is an Executive Assistant at FCI Fairton and has access to BOP records maintained in the ordinary course of business. (Masters Decl. ¶ 1.)

No. 11-1 at 5-6.) On October 10, 2023, he filed the present petition, challenging a disciplinary hearing officer ("DHO") decision at the Federal Correctional Institution in Danbury Connecticut, finding him guilty of violating Prohibited Act Code 104 (Use of a weapon) and Code 201 (Fighting), and imposing sanctions including disallowance of 68 days good conduct time. (Pet., Dkt. No. 1 at 2, 6); *see also* 28 C.F.R. 541.3 (Prohibited acts and available sanctions.) The incident in question occurred on August 16, 2021, and was captured on surveillance footage. (Masters Decl., Ex. 3, Dkt. No. 11-1 at 16.) The DHO found that Petitioner engaged in a physical altercation with another inmate and used a toilet plunger to strike the other inmate. (Masters Decl., Ex. 6, Dkt. No. 11-1 at 27.) Petitioner was sanctioned with the disallowance of 41 days of good conduct time for the Code 104 violation and 27 days for the Code 201 violation. (*Id.* at 28.)

## II.     STANDARD OF REVIEW

"A federal prisoner's procedural due process challenge to a disciplinary action that results in the loss of good conduct time is properly brought under 28 U.S.C. § 2241, because the action could affect the duration of the prisoner's sentence." *Wert v. Warden Allenwood USP*, 781 F. App'x 51, 53 (3d Cir. 2019). When prison disciplinary sanctions affect the duration of confinement, such as the revocation of good conduct time, due process protections apply. *Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974). In this context, the Due Process Clause requires: (1) written notice of the charges; (2) a limited opportunity to present evidence and call witnesses; (3) a limited right to inmate or staff assistance in defense; (4) an impartial hearing body; and (5) a written

statement of the evidence relied upon. *Id.* at 564-71. The evidentiary standard in such proceedings is minimal. The DHO's decision need only be supported by "some evidence" in the record. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *Denny v. Schultz*, 708 F.3d 140, 145 (3d Cir. 2013).

### III.   DISCUSSION

#### A.   Procedural Due Process

Petitioner claims that his due process rights were violated during the disciplinary process, citing vaguely to the denial of an "exculpatory witness." (Pet., Dkt. No. 1 at 7.) However, the record reflects that Petitioner was provided all procedural safeguards required by *Wolff*.

Petitioner received the incident report on September 10, 2021, more than 24 hours before the October 21, 2021 hearing. (Masters Decl., Ex. 3 and Ex. 6, Dkt. No. 11-1 at 16, 25.) He was advised of his rights, including the right to request witnesses and a staff representative, and he signed the form acknowledging those rights. (*Id.*, Ex. 4, Dkt. No. 11-1 at 21.) Petitioner requested a staff representative but expressly declined to request any witnesses. (*Id.*, Ex. 5, Dkt. No. 11-1 at 23.)

At the hearing, the DHO again advised Petitioner of his rights. Petitioner made a statement, admitted to striking the other inmate with a plunger, and did not contest the evidence presented. (*Id.*, Ex. 6, Dkt. No. 11-1 at 25-26.) The DHO issued a written report outlining the basis for the decision and the evidence relied upon, including the surveillance video and staff reports. (*Id.* at 26-27.)

Petitioner's passing reference to the denial of an "exculpatory witness" is not supported by the record because Petitioner signed a form acknowledging his rights and declining to call witnesses. (Masters Decl., Ex. 5, Dkt. No. 11-1 at 23.) The DHO report indicates Petitioner waived his right to call witnesses. (*Id.*, Ex. 6, Dkt. No. 11-1 at 26.) Therefore, this aspect of his due process claim is both conclusory and contradicted by the evidence. *See Lang v. Sauers*, 529 F. App'x 121, 123 (3d Cir. 2013) (holding prisoner was afforded his due process rights where he declined to present witnesses at disciplinary hearing).

B.   **Sufficiency of the Evidence**

Petitioner also claims he was "actually innocent" of the charges because a toilet plunger does not meet the definition of a "dangerous weapon," and he acted in self-defense. (Pet., Dkt. No. 1 at 6, 13.)

Under BOP regulations, a Code 104 violation includes the use of "any instrument as a weapon," not merely items traditionally considered dangerous weapons. *See* 28 C.F.R. § 541.3, Table 1, Code 104. The DHO concluded that Petitioner used the plunger as a weapon based on video evidence showing him striking another inmate with it. (Masters Decl., Ex. 6, Dkt. No. 11-1 27.) Petitioner confirmed this conduct in his own statement, explaining he used the plunger to defend himself and pushed the inmate to ensure the incident was recorded by the camera. (*Id.* at 25.)

The DHO was entitled to reject Petitioner's self-defense rationale, noting that Petitioner had time to remove himself from the conflict but instead chose to reengage

(Masters Decl., Ex. 6, Dkt. No. 11-1 at 27.) The DHO's conclusion was based on surveillance evidence and was not arbitrary. "Once the reviewing court determines that there is some evidence in the record to support the finding of the hearing officer, an inmate's challenge to the weighing of the evidence must be rejected." *Cardona v. Lewisburg*, 551 F. App'x 633, 637 (3d Cir. 2014).

## IV. CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is **DENIED**.

An appropriate Order will follow.

Dated: **May 22, 2025**

                                              s/Renée Marie Bumb
                                              RENÉE MARIE BUMB
                                              Chief United States District Judge